MARGARET RUCKMAN

v.

ELISHA RUCKMAN.

1. A transfer of property, made in fraud of creditors, while void as to them, is good between the parties.

2. He who attempts to cheat others, by a fraudulent transfer of his property, has no right to complain if he gets cheated himself.

3. Whether a deed has been delivered or not, is a question of intention; it may be effected by words without acts, or by acts without words.

4. When the circumstances show, unmistakably, that the one party intended to divest himself of title, and to invest the other with it, delivery will be considered complete, though the instrument still remains in the hands of the grantor.

On final hearing on bill, answer and proofs taken before a master.

*Mr. Jacob Weart,* for complainant.

*Mr. Robert Allen* and *Mr. John W. Taylor,* for defendant.

THE VICE-CHANCELLOR.

The litigants in this case are husband and wife. The suit is brought to foreclose a mortgage. No defence is made by the owners of the mortgaged premises. The husband disputes the title of the wife to the mortgage sued on. It was given to him originally. For the purpose of transferring it to his wife, he assigned it to a third person, and that person executed an assignment to the wife. Both transfers were voluntary. The husband retained all the papers. The parties afterwards separated, and since then the husband has, on demand, refused to surrender them. He was made a party to this suit for the purpose of compelling him to surrender them. The assignment to the third person, or medium, was recorded. That from him to the

wife was not. There is no satisfactory proof of an actual manual delivery to her. The bond and mortgage were delivered to her, and at the time delivery was made, the husband told her they were hers. He also told the mortgagor, in her presence, that they were hers. It is not disputed that a valid delivery of the transfer by the husband to the medium was made. The registry of that transfer, by direction of the husband, and his acceptance of a retransfer to his wife, are acts so conclusive in their character as to preclude all discussion as to their legal significance.

Two objections are urged against the complainant's title : First, that the assignment to her has never been delivered; and, second, that the transfers, having been made with design to defraud creditors, and being incomplete, the court will assist neither party, but must leave them just where it finds them. The second objection, it will be observed, is a mere sequence of the first. If delivery was made, so that title passed to the complainant, the transfers are unimpeachable by the husband. No rule of law is more firmly established in this state, than that a transfer of property, made in fraud of creditors, while void as to them, is good *inter partes.* It rests not only upon the express letter of the statute of frauds, but also upon the most obvious considerations of public policy. *Baldwin* v. *Campfield, 4 Hal. Ch. 897 ; Tantum v. Miller, 3 Stock. 551 ; Marlatt v. Warwick, 4 C. E. Gr. 454 ; Cutler v. Tuttle, Id. 562.* He who attempts to cheat others, by a fraudulent transfer of his property, has no right to complain if he gets cheated himself There is a rugged but wholesome justice in compelling him to take what he has tried to give. In the language of Chancellor Williamson, in *Baldwin* v. *Campfield,* it is but even-handed justice to present to the lips of the defrauder the poisoned chalice he has prepared for the lips of others.

The case presents but a single question : Was a sufficient delivery made ? The answer to a question of this nature must always depend, in a great degree, upon the intention of the parties. The important question is, What

Ruckman *v.* Ruckman.

do the circumstances of the transaction show the parties meant? Delivery may be effected by words without acts, or by acts without words, or by both acts and words. Whenever it appears that the contract or arrangement between the parties has been so far executed or completed that they must have understood that the grantor had divested himself of title, and that the grantee was invested with it, delivery will be considered complete, though the instrument itself still remains in the hands of the grantor. *Crawford* v. *Bertholf, Sax. 467; Folly* v. *Vantuyl, 4 Hal. 158; Farlee* v. *Farlee, 1 Zab. 285; Cannon* v. *Cannon, 11 C. E. Gr. 319.*

As already stated, the husband's divestiture was complete. His assignment was fully executed, so that he was stripped of all title, and his right transferred, absolutely, to another. He is not, therefore, in position to dispute the complainant's title, at least in his own right, nor to refuse to surrender the evidences of her title. But, on the argument, it was insisted that the title to the mortgage remained in the medium, and that it was, therefore, the duty of the husband to retain the papers for his benefit. But the medium makes no such claim. He is a party to the suit, and has been examined as a witness. He admits that he was used merely as a means of passing title. He accepted title for the purpose of passing it to the wife, and did simply what he was told was necessary to effect that object. There can be no doubt about the legal effect of his acts. He signed and acknowledged an assignment to the wife, and allowed her husband to take it. By force of the facts themselves, and independently of any appointment or agreement, the husband was constituted the agent of his wife. Delivery to him, under the circumstances stated, was just as effectual in investing her with title as if manual delivery had been made to her.

The duty of the court is plain. On the facts, as the husband now admits them, it is clear that his wife's title to the mortgage must be regarded as unassailable by him. His defence has no support even *in apices juris.* The complain-

ant is entitled to a decree. The costs of so much of this litigation as has been made necessary by the husband's answer, must be adjudged against him, and not against the other defendants.